## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

JOSEPH R. TOMELLERI,

                  Plaintiff,

v.

**GLENBOW FLYFISHING**
Serve:
David Bergeron
3428 – 99 Street
Edmonton, Alberta
Canada T6E 5X5

                  Defendant.

Civil Action:

**JURY DEMANDED**

## COMPLAINT

COMES NOW Plaintiff Joseph R. Tomelleri ("Plaintiff") and, for his Complaint against Glenbow Flyfishing ("Defendant"), alleges and states as follows:

### JURISDICTION AND VENUE

1.      This claim is brought pursuant to 17 U.S.C. § 101, *et seq.*, for copyright infringement, and 17 U.S.C. § 1202, *et seq.,* for removal or alteration of copyright management information.

2.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) because this case arises under the copyright laws of the United States. (17 U.S.C. § 101 et seq.).

3.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. 1332 (a) (1) because there is diversity of citizenship, and the matter exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4.      This Court has personal jurisdiction over the Defendant because Defendant has

transacted business in this District, has committed a tortious act in this District, to-wit copyright

infringement and removal or alteration of copyright management information; has caused injury to a

Kansas resident, while engaging in solicitation or service activities in Kansas; and/or has caused injury

to a Kansas resident through its products, which were used or consumed in Kansas.  (K.S.A. §§ 60-

308(b)(1)(A), (B), (G)(i) and (G)(ii);  17 U.S.C. § 101 *et seq*).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)((2) because a

substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6.      Plaintiff is an adult individual and a resident of the State of Kansas.

7.      Upon information and belief, Defendant is a business organization located in

Edmonton, Alberta, Canada, and can be served through its owner, David Bergeron, 3428 – 99 Street,

Edmonton, Alberta, Canada T6E 5X5.

## INTRODUCTORY FACTS

9.      Plaintiff is a trained biologist and artist, who has spent most of his working life

collecting, studying and illustrating fish species within North America.

10.     Plaintiff's illustrations have been published in several scientific studies, journals, books,

magazines, and fish identification guides.

11.     Plaintiff is the owner of the website, www.americanfishes.com, where his illustrations

are available for purchase.  Plaintiff has illustrated over one thousand (1,000) fish in his career from

specimens caught in the wild.

12.     Plaintiff's illustrations are registered under Title 17 of the United States Code

(Copyright Act of 1976) and all other United States laws governing copyrights, under the following

2

copyright registration numbers: TX0005813942; TX0005639631; TX0005639632; VA0000998415; VA0001151489; TX0005597332; VA0001229832; VA0001291994; VA0001339459; VA0001392179; VA0001645962; VA0001741737; VA0001743819; VA0001786445; VA0001799888; VA0001800740; VA001799485; VA0001779644; VA0001787183; TX0007020033; TX0006998390; VA0001783041; VA0001787182; VA0001827025; VA0001787184; VA0001779955; VA0001814563; VA0001779953; VAU001089450; VAU001066848; VAU000265291; TX0005998741; TX0007384205; TX0003082428; TX0003082429; TX0007431958; TX0004478574; VA0001673790; VA0001799775; VA0001784738; AND VA0001163619.

13.     Plaintiff is the sole owner and proprietor of all right, title, and interest in, and to, the copyrights for his illustrations, including all of those identified in the preceding paragraph and all of those at issue in this action (the "illustrations").

14.     Defendant owns and/or operates the website with the URL address, www.glenbowflyfishing.com (the "Website").

15.     Defendant is a fly-fishing store which sells fly-fishing equipment and fishing merchandise as a retailer.

16.     Defendant also produces its own products, which Defendant sells directly to the customer.

17.     Upon information and belief, the uploaded digital image is stored on Defendant's Website and computers.

18.     Upon information and belief, the uploaded digital image is also stored on servers or cloud hosting services within Defendant's custody and/or control.

19.     Upon information and belief, when an online customer places an order on the Website, the Defendant collects the customer's money; downloads the digital image; transfers, prints, or otherwise produces, or reproduces, the digital image onto Defendant's products; packages and ships the item to the customer; and pays the Seller.

20.     Defendant has the exclusive right to provide and manage all material aspects of the transactions with the customer, including internet hosting, marketing, search engine optimization, production of merchandise, shipping, invoicing, billing, customer service, product return, and refunds.

21.     Upon information and belief, Defendant intentionally removes the metadata from images uploaded to its Website, including copyright management information, thereby making it difficult for copyright owners to discover the infringing use of their images.

22.     Plaintiff discovered that Defendant, without authorization, reproduced and copied several of Plaintiff's Illustrations and were displaying them in advertising on Defendant's website.

23.     In May, 2017, Plaintiff demanded Defendant cease and desist its infringing activities and provide Plaintiff with an accounting of Defendant's profits from the sales of products using Plaintiff's Illustrations.

24.     At least four (4) of Plaintiff's illustrations were uploaded to and/or made available on the Defendant's Website for purchase and use on its products.

25.     Through the product customization and design process, Defendant and its online storefront, have digitally modified Plaintiff's illustrations. See Exhibit A, attached hereto.

26.     The images printed on the products are generally digitally modified from their original form in Plaintiff's Illustrations.

## CAUSES OF ACTION

### COUNT I
### Direct Infringement – Glenbow Flyfishing

4

27.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs, 1 through 26, as if fully set forth herein.

28.    Defendant has infringed Plaintiff's copyrights in his Illustrations by scanning, copying, reproducing and displaying unauthorized copes thereof within the United States of America in violation of 17 U.S.C. § 101, *et seq.* Such infringements were either non-willful, or alternatively, were committed willfully.

29.    Defendant has infringed Plaintiff's copyrights in his Illustrations by offering for sale unauthorized copies thereof, and by selling same within the United States of America, and profiting thereby in violation of 17 U.S.C. § 101, *et seq.* Such infringements were either non-willful, or alternatively, were committed willfully.

30.    As a result of Defendant's above-described acts of copyright infringement, Plaintiff has sustained Damages including lost licensing revenue in an amount not yet ascertained, and Defendant has earned profits that should be disgorged to Plaintiff.

## COUNT II
### Violation of the Digital Millennium Copyright Act – Glenbow Flyfishing

31.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs, 1 through 30, as if fully set forth herein.

32.    Defendant has intentionally removed and altered the copyright management information from Plaintiff's images, as and when they were uploaded to Defendant's website in violation of 17 U.S.C. § 1202.

33.    Defendant has knowingly and intentionally provided copyright management information for Plaintiff's images that is false and has distributed copyright management information for Plaintiff's images that is false in violation of 17 U.S.C. § 1202.

5

## COUNT III
### Injunctive Relief – Glenbow Flyfishing

34.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs, 1 through 33, as if fully set forth herein.

35.     Defendant's acts described herein have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill. Plaintiff has no other adequate remedy at law.

36.     By reason of Defendant's acts described herein, Plaintiff is entitled to injunctive relief against Defendant restraining further acts of infringement and of violations of the Digital Millennium Copyright Act; to attorneys' fees, and to profits attributable to Defendant's acts described herein.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against Defendant as follows:

37.     Plaintiff requests that Defendant be required to pay over to Plaintiff his actual damages sustained, plus all of its direct and indirect profits attributable to the infringements described herein;

38.     Alternatively, because the Illustrations were registered prior to Defendant's infringements, Plaintiff seeks recovery of statutory damages up to One Hundred and Fifty Thousand Dollars ($150,000.00) per infringement.

39.     Plaintiff requests Defendant be required to pay statutory damages up to Twenty Five Thousand Dollars ($25,000.00) for each violation of 17 U.S.C. § 1202.

**PLAINTIFF JOSEPH R. TOMELLERI HEREBY DEMANDS TRIAL BY JURY.**

**EVANS & DIXON, LLC**

/s/ Steven H. Mustoe
| | |
|---|---|
| Steven H. Mustoe | KS 15212 |
| Oliver P. Maguire | KS 26947 |

9393 W. 110th Street, Suite 120

6

Overland Park, KS 66210
T: 913.440.0004 | F: 913.341.2293
smustoe@evans-dixon.com
omaguire@evans-dixon.com
**ATTORNEYS FOR PLAINTIFF**

7